UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**COASTAL LAND DEVELOPMENT CORPORATION,**      **CASE NO. 07-51267-NPO**

**DEBTOR.**      **CHAPTER 11**

### MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO SHOW CAUSE WHY FELIX BERTUCCI SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH PAYMENT OF COURT-ORDERED SANCTIONS

On August 19, 2009, there came on for hearing (the "Hearing") the Motion to Show Cause Why Felix Bertucci Should Not be Held in Contempt of Court for Failure to Comply with Payment of Court-Ordered Sanctions (the "Motion to Show Cause") (Dkt. No. 223) filed by Ike Thrash and Dawn Investments, L.L.C. ("Dawn") (collectively, the "Movants"). Nicholas Van Wiser ("Wiser") appeared at the Hearing on behalf of the Movants, and Felix J. Bertucci, Jr., ("Bertucci") appeared *pro se*. Having considered the pleadings, the testimony at the Hearing, and relevant legal authorities, the Court finds that the Motion to Show Cause is not well taken and should be denied.

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (N). Notice of the Hearing on the Motion to Show Cause was proper under the circumstances. (Dkt. No. 226).

**Facts**

**A. The Proceedings**.

1. On September 12, 2008, a Motion for Assessment of Damages and for Sanctions (the "Motion for Sanctions") (Dkt. No. 185) was filed by the Movants in the above-styled chapter 11 proceeding. A hearing was held on the Motion for Sanctions on April 2, 2009.

2. On May 29, 2009, a Final Judgment (the"Judgment") (Dkt. No. 218), consistent with the Court's Memorandum Opinion and Order Granting Motion for Assessment of Damages and for Sanctions ("Opinion") (Dkt. No. 217), was entered.

3. The Court determined in its Opinion that Bertucci acted in violation of Federal Rule of Bankruptcy Procedure 9011(b) in the filing of his objection (Dkt. No. 124) to a motion by the Debtor to sell property and to approve an asset purchase agreement with Dawn as the purchaser. (Dkt. No. 114). Sanctions for the reasonable amount of attorney's fees and expenses incurred by Dawn were found to be appropriate and were awarded in the amount of $13,420.00 (the "Sanctions").

4. No action was taken to appeal the Court's decision awarding the Sanctions or to stay enforcement of the Judgment.

5. On June 29, 2009, the Movants filed their Motion to Show Cause as to why Bertucci should not be held in contempt for his failure to comply with the Court's Judgment awarding the Sanctions. Additional sanctions also were requested.

6. On July 14, 2009, an Order Imposing Deadlines and Resetting Hearing on Motion for Contempt ("Order Imposing Deadlines") (Dkt. No. 226) for August 19, 2009 was entered. The Order Imposing Deadlines required that Bertucci remit payment of the Sanctions on or before

August 5, 2009, or to file a written response to the Motion to Show Cause by that date.

7. On August 5, 2009, Bertucci filed his Response to Motion for Contempt (the "Response") (Dkt. No. 228), in which he claimed to have no funds or assets to liquidate for payment of the Sanctions, and requested that the Court recognize the circumstances and his inability to pay any monies. Bertucci contended that his sole source of funds are real estate commissions and that his real estate license was inactive due to his inability to pay for an errors and omissions policy. He attached a "Financial Statement" to the Response.

8. Bertucci appeared and testified at the Hearing.

**B. The Hearing.**

Bertucci testified that he has no income, no money, no checking account, and no credit card. He stated that the home in which he was living had been titled in his mother's name for the past eight to ten years. He and his wife of 28 years, who earns income as a school teacher, are currently living in the home, although they were in the process of seeking a divorce. Bertucci testified that he has no bills to pay and that he does not even buy food. He stated that he was being supported by his friends and family.

Bertucci testified that he has not received any income from any source since February of 2006, at which time he received $190,000.00 in commission from the golf course sale, and that there are no remaining funds.[1] He stated that although he was still actively working as a broker in the real estate business, the golf course property sale was the last property sale in which he had participated.

---

[1] Bertucci testified that his company, Bertucci & Company, earned the commission from the golf course sale in 2006. In prior proceedings, it was made clear that his company was a sole proprietorship. Bertucci also testified at the Hearing that he did not file a tax return for the year 2006. He further stated that he had no income in 2007 or 2008 and filed no tax returns for those years.

He further stated that he was struggling in the real estate business since Hurricane Katrina, and that he has been on the telephone every day trying to "dial for dollars."

Bertucci admitted that he recently won the Gulf Coast's amateur golf tournament, but that his son had paid his entry fees, and that he has only played golf two other times this year. Bertucci responded to questioning about his BMW, indicating that his 12 year old car is titled in his name and that his mother is a lienholder on the vehicle. He stated that he uses the car every day for his business.

Counsel for the Movants, Wiser, asserted that there has been no compliance with the Judgment, and that Bertucci is clearly in contempt. However, Wiser acknowledged that there is a question for the Court as to whether the failure to comply has been willful and as to what good faith efforts have been made to comply with the Judgment. Bertucci took issue with any accusation of wrongdoing on his part by counsel for the Movants.

### Discussion

Bankruptcy Courts have the authority to conduct civil contempt proceedings. *See* Ingalls v. Bradley (In re Bradley), 371 B.R. 782, 797 (Bankr. W.D. Tex. 2007); In re Rodriguez, 2007 WL 593582, *7 (W.D.Tex. Feb. 20, 2007)(bankruptcy courts in the Fifth Circuit have the authority to conduct civil contempt proceedings); Select Portfolio Services, Inc. v. Galindo (In re Galindo), 2006 WL 2168125, *2 (S.D.Tex. July 31, 2006)(under § 105 a bankruptcy court can issue any order including civil contempt, necessary or appropriate to carry out provisions of the Code). The elements necessary to establish civil contempt have been defined by the Fifth Circuit as follows:

> The Fifth Circuit has delineated the test for civil contempt. In *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, Inc.,* the Court observed that the test for contempt requires the showing that (1) a court order was in effect; (2) the order required certain conduct; and (3) the respondent failed to comply with the order. 177

> F.3d 380, 382 (5th Cir.1999). In civil contempt, the burden of proof is clear and convincing, as opposed to preponderance of evidence. *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir.1987).

In re Rodriguez, 2007 WL 593582, *7; *see* In re Bradley, 371 B.R. 782, 788 (Bankr. W.D.Tex. 2007); American Airlines, Inc. v. Allied Pilots Association, 228 F.3d 574, 581 (5th Cir. 2000).

In Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392 (5th Cir. 1987), the Fifth Circuit indicated that, "[a]fter the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to comply with the subpoena or order. *See* United States v. Rylander, 460 U.S. 752, 757 (1983)." Id. at 401. The U.S. Supreme Court in Rylander held that where compliance is not possible, there is no further reason to pursue an action for contempt:

> In a civil contempt proceeding such as this, of course, a defendant may assert a *present* inability to comply with the order in question. *Maggio v. Zeitz,* 333 U.S., at 75-76, 68 S.Ct., at 411-412; *Oriel v. Russell,* 278 U.S. 358, 366, 49 S.Ct. 173, 175, 73 L.Ed. 419 (1929). While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production. *McPhaul v. United States,* 364 U.S. 372, 379, 81 S.Ct. 138, 142, 5 L.Ed.2d 136 (1960); *Maggio v. Zeitz,* 333 U.S., at 75-76, 68 S.Ct., at 411-412; *Oriel v. Russell,* 278 U.S., at 366, 49 S.Ct., at 175. See also *United States v. Fleischman,* 339 U.S., at 362-363, 70 S.Ct., at 746.

Id. *See* Eulich v. U.S., 2006 WL 176543, *3 (N.D.Tex. Jan. 23, 2006); F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995).

Following Rylander, courts have explored what may be required to prove an inability to comply in a civil contempt action:

> In order to show inability to comply with a court order, a party must: (1) explain categorically and in detail why; (2) show the inability was not self-induced; and (3) demonstrate it made in good faith all reasonable efforts to comply. *See United States v. Santee Sioux Tribe of Nebraska,* 254 F.3d 728, 736 (8th Cir. 2001); *see also Lawrence v. Goldberg,* 279 F.3d 1294, 1297 (11th Cir. 2002); *Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir. 1998); *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996).

In re Galindo, 2006 WL 2168125, *2.

In applying the criteria required to establish civil contempt to the facts of this case, the Court finds that a prima facia case has been established. A court order was in effect that required conduct by Bertucci, and he failed to comply. Specifically, the Court issued the Judgment awarding the Sanctions. Bertucci failed to pay the Sanctions, and the Movants filed the Motion to Show Cause. On July 14, 2009, the Court entered the Order Imposing Deadlines requiring payment of the Sanctions or the filing of a written response to the Motion to Show Cause. Bertucci filed the written response, but failed to pay the Sanctions.

Upon the Movants' establishment of their prima facie case, the burden shifts to the respondent, Bertucci, to defend by showing a present inability to comply with the Judgment. Bertucci appeared at the Hearing and testified regarding his financial condition as described herein. According to Bertucci's testimony, he simply has no means to satisfy the Judgment. His real estate business has produced no income in over three years in the post-Hurricane Katrina conditions on the Mississippi Gulf Coast. The Financial Statement attached to his Response supported his testimony. Thus, the Court finds that Bertucci has established a present inability to comply with the

Judgment.

Nothing was introduced into evidence to convince the Court that Bertucci was being untruthful about his present inability to pay the Sanctions. Neither is the Court convinced that finding Bertucci in contempt would serve the intended purpose of compliance with the Judgment. However, the Movants are not precluded from enforcing the Judgment under applicable non-bankruptcy laws. Accordingly, the Court concludes that the Motion to Show Cause should be denied.

A separate final judgment consistent with this Memorandum Opinion and Order will be entered by this Court in accordance with Federal Rule of Bankruptcy Procedure 9021.

IT IS, THEREFORE, ORDERED that the Motion to Show Cause hereby is denied.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: September 15, 2009